JAMES RYAN, Appellant, v. FRANK L. HALL COMPANY, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide event.   Held, that it was prejudicial error to exclude the testimony of the witness Catherine Burns, a child ten years of age, in the absence of a preliminary examination of the witness by the presiding justice, to ascertain her capacity and the extent of her knowledge.* All concur.

JOHN H. RAPP and Another, Respondents, v. GRACE HULQUIST and Another, Appellants.— Motion for reargument denied, with ten dollars costs.

FREDERICK HERMAN, an Infant, etc., Respondent, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 8, TOWN OF ARCADIA, WAYNE COUNTY, NEW YORK, Appellant.— Motion for leave to appeal to Court of Appeals granted. Davis, J., not sitting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT BRINK, Appellant.— Appeal dismissed upon stipulation filed.

VALERIA CARNESKI, Respondent, v. ALBERT KOLAKOWSKI and Another, Appellants.— Motion granted and appeal dismissed.

EMMA L. PRESCOTT, as Administratrix, etc., of NAPIER C. PRESCOTT, Deceased, Respondent, v. THE VILLAGE OF WELLSVILLE, N. Y., Appellant.— Judgment and order affirmed, with costs.   All concur, Sears, J., not sitting.

HENRY J. KOBLER, as Administrator, etc., of ELLA M. KOBLER, Deceased, Appellant, v. JOSEPH SCHRENKER and Others, Respondents.— Judgment affirmed, with costs.   Held, assuming that the evidence offered and excluded was competent upon the question of showing a joint venture, it was not sufficient, if received, to prove such venture.   All concur.

CHARLES FRANKEL and Another, Respondents, v. LAURA RUBIN (Sued Herein as LAURA RUBIN SUCKLE), Appellant, Impleaded with Others.— Order affirmed, with ten dollars costs and disbursements.   All concur.

CHARLES C. BOLLMAN, Appellant, v. GEORGE H. BULLOCK, as Receiver of the BUFFALO AND LAKE ERIE TRACTION COMPANY, Respondent.— Judgment reversed on the law and new trial granted, with costs to appellant to abide event.   Held, that in view of the disorderly conduct in the smoking compartment of the car and the crowded condition of the other part of the car, there being no vacant seats, it was a question of fact as to whether the plaintiff in going upon the platform was guilty of contributory negligence, and that the circumstances were also sufficient to make the defendant's negligence a question of fact.   The plaintiff's testimony was not incredible as a matter of law as is contended by respondent's counsel.   All concur.

In the Matter of the Probate of the Last Will and Testament of FLORENCE J. CISZEK, Deceased.   FRANK CISZEK and Another, Appellants; LEONARD C. PODLEWSKI, Executor, etc., and Others, Respondents.— Decree affirmed, with costs.   All concur.

CATHARINE MARCELY, as Administratrix, etc., of ANTHONY J. MARCELY, Deceased, Respondent, v. ARMOUR & COMPANY, Appellant.— Judgment and order affirmed, with costs.   All concur.

JAMES H. POWERS, Appellant, v. ERIE RAILROAD COMPANY, Respondent.— Judgment and order affirmed, with costs.   All concur, Sears, J., not sitting.